UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISIAM RAY FRIAR,

                Plaintiff,

-against-

WYNDHAM VACATION RESORTS, INC.,
DERRICK TAYLOR, and MARIA MAESE,

                Defendants.

Civil Action No: 1:20-cv-02627 (JPO)

**AFFIDAVIT OF JON T. POWERS IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

---

STATE OF NEW JERSEY   )
                            )    SS
COUNTY OF ESSEX      )

I, JON T. POWERS, being duly sworn, states as follows:

1.      I am an attorney at law admitted to practice before this Court and an Associate with the firm K&L Gates LLP, attorneys for Defendants Wyndham Vacation Resorts, Inc., Derrick Taylor, and Maria Maese (collectively, "Defendants"), in the above-entitled action. I am familiar with the facts and circumstances of this action.

2.      I submit this affidavit in support of Defendant Wyndham Vacation Resorts, Inc.'s ("WVR") Motion for Default Judgment against Plaintiff Isiam Friar, pursuant to Fed. R. Civ. P. 55(b) and Local Civ. R. 55.2(b). No prior application for such relief has been made.

3.      Plaintiff is an individual who, upon information and belief, is not a minor, incompetent, or in the military service of the United States.

## FACTUAL BACKGROUND

4.     The factual allegations in Defendant WVR's Counterclaim—which are deemed admitted by Plaintiff by his default—and the Amended Complaint establish that in March 2014, Plaintiff purchased a timeshare interest in the PTVO Owners Association, Inc., which gave him the right to participate in a multi-share timeshare plan called "ClubWyndham Access Vacation Ownership Plan." (See Exhibits A and B at ¶ 1). Plaintiff's timeshare interests were assigned into the Club Wyndham Plus exchange program and Plaintiff received points with which he could book at Hotel Wyndham Midtown 45 in New York, New York (the "Hotel") in addition to other Club benefits. (See Exhibits A and B at ¶ 4).

5.     So that Plaintiff would not have to make a larger down payment, Plaintiff's purchase of the timeshare interest was split into two separate contracts, one that he would execute on the day of purchase, and one that would be finalized a month later. (See ECF Doc. No. 10, attached hereto as Exhibit C, ¶¶ 41, 43). Pursuant to the first contract, ClubWyndham® Access Vacation Ownership Plan Purchase and Security Agreement (New York), Contract Number 00251-1401168 ("Contract 1401168"), Plaintiff was required to pay a down payment of $8,264.90 with monthly payments of $579.50 for 120 weeks starting on April 17, 2014. (Exhibit A). Plaintiff executed Contact 1401168 on March 3, 2014. (Exhibit A, p. 6).

6.     Under the second contract, ClubWyndham® Access Vacation Ownership Plan Purchase and Security Agreement (New York), Contract Number 00251-1402430 ("Contract 1402430"), Plaintiff was required to make a down payment of $8,463.92 with monthly payments of $581.39 for 120 weeks starting on May 27, 2014. (Exhibit B). Plaintiff executed Contract 1402430 on April 12, 2014. (Exhibit B, p. 6).

7.      Plaintiff concedes that in February 2017, Plaintiff ceased making monthly payments owed to WVR. (ECF Doc. No. 10, ¶ 70).  At the time Plaintiff stopped payment, Plaintiff still owed $29,227.24 on Contract 1401168 and $29,200.09 on Contract 1402430.  (Declaration of Theresa Orben ("Orben Decl."), Exhibits 1 and 2).

## PROCEDURAL HISTORY

8.      This action was commenced on March 27, 2020, with Defendant Wyndham Vacation Resorts, Inc. filing a Notice of Removal to remove the above-captioned action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  (Doc. No. 1).

9.      On April 6, 2020, Plaintiff filed a motion requesting permission to participate in the electronic case filing in this case. (Doc No. 7).  As part of this Motion, Plaintiff affirmed that he "[understood] that once [he] register[s] for e-filing, [he] will receive notices and documents only by e-mail in this case and not by regular mail." (Id. at ¶ 4).  This Court granted Plaintiff's Motion for Permission for Electronic Case Filing on April 8, 2020.  (Doc No. 9).

10.     On April 24, 2020, Plaintiff filed an Amended Complaint against the Defendants. (Doc No. 10).  On April 3, 2020, WVR filed a Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 12).[1]  Plaintiff served Taylor with the Amended Complaint on September 22, 2020. (Doc. No. 42).  Plaintiff served Maese with the Amended Complaint on October 14, 2020.  (Doc No. 51).

11.     Taylor and Maese moved to dismiss the Amended Complaint on October 13, 2020 (Doc No. 47), and January 12, 2021 (Doc No. 56), respectively.  Plaintiff filed two requests for an

---

[1] WVR re-filed its motion to dismiss on May 7, 2020 pursuant to a clerk's notice.

3

extension of time to respond to Taylor's motion to dismiss. (Doc No. 49, 54). However, Plaintiff did not oppose or otherwise respond to either Taylor or Maese's motion. On March 19, 2021, this Court denied Defendants' motions to dismiss. (Doc No. 60).

12.     On April 9, 2021, Defendants filed and served their Answer to Plaintiff Isiam Friar's Amended Complaint and Counterclaim against Plaintiff via CM-ECF. (Doc No. 62, attached hereto as Exhibit D). A certificate of service indicating that service was also made by overnight mail was filed that same day. (Doc No. 63, attached hereto as Exhibit E, *see also* Exhibit F).

13.     To date, the Plaintiff has not answered or otherwise responded to the Counterclaim, and the time in which Plaintiff required to do so has expired. On May 25, 2021, a Clerk's Certificate of Default was entered as to Plaintiff. (Exhibit G). That same day, WVR served Plaintiff a copy of the Clerk's Certificate of Default by overnight mail. (Exhibit H).

## THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT.

14.     Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, a party may move for a default judgment against an adversary who fails to answer or appear. Fed. R. Civ. P. 55(b). "Entry of a default judgment is appropriate when the adversary process has been halted because of an essentially unresponsive party." Citigroup Global Mkts., Inc. v. JWS 1999 Holding B.V., 2009 WL 2981912, at *1 (S.D.N.Y. Sept. 11, 2009) (citation and internal quotation marks omitted).

15.     Once a default judgment is entered, all well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981)). "While a default judgment constitutes an admission of liability, the quantum of damages remains

to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).

16.     In this case, a default judgment should be entered against Plaintiff on WVR's breach of contract counterclaim.   The adversary process has clearly been halted by the failure of the Plaintiff to respond to the Counterclaim.  A pretrial conference cannot be scheduled until Plaintiff's responds to the Counterclaim, and Defendants are unable to begin discovery.  Moreover, the allegations of the Counterclaim support the entry of a default judgment here.

17.     Plaintiff entered into Contract 1401168 and Contract 1402430 on March 3, 2014 and April 12, 2014, respectively.  In these agreements, Plaintiff promised to purchase points which would allow him to reserve the use of accommodations in the Club Wyndham Plus exchange program.  (See id.).  Plaintiff does not dispute that he has stopped making his monthly payments before he has paid in full.  (Doc. No. 10, ¶ 70).  Plaintiff has failed to pay WVR $29,227.24 under Contract 1401168 and $29,200.09 under Contract 1402430.  (Orben Decl., Exhibits 1 and 2).  Thus, the allegations and facts in the Counterclaim establish that Plaintiff is liable to WVR on its breach of contract claim.

18.     The District Court may make the damages determination without a hearing "'as long as it [has] ensured that there is a basis for the damages specified in the default judgment.'" Jeepster Recordings, Ltd. v. World's Fair Label Group, Inc., 2010 WL 653476, at *3 (S.D.N.Y. Feb. 22, 2010) (quoting TMS Entm't Ltd. v. Madison Green Entm't Sales, Inc., No. 03-civ-0517 (GBD) (RLE), 2005 WL 2063786, at *2 (S.D.N.Y. Aug. 16, 2005)).  The Court may rely on the moving parties' affidavits or documentary evidence in determining the reasonableness of the damages sought. Jeepster, 2010 WL 653476, at *3.

19.     The contractual damage award resulting from a breach of contract should put the plaintiff in the same economic position he would have occupied had the breaching party performed the contract." Coventry Enterprises LLC v. Sanomedics Int'l Holdings, Inc., 191 F. Supp. 3d 312, 321 (S.D.N.Y. 2016) (citing Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 196 (2d Cir. 2003)).

20.     As set out in the Counterclaim, Plaintiff owes $29,227.24 under Contract 1401168 and $29,200.09 under Contract 1402430, which equals a total amount of $58,427.33.   (Orben Decl., Exhibits 1 and 2).  Specifically, Plaintiff's obligation under Contract 1401168 was to make 120 payments of $579.50 each month by the 17th of the month.  Further, Plaintiff was obligated to make 120 payments of $581.39 each month by the 27th of the month under Contract 1402430. Plaintiff only made payments from April 2014 through February 2017 under Contract 1401168 and from May 2014 through February 2017 under Contract 1402430.  (Orben Decl., Exhibits 1 and 2).  Therefore, WVR's loss resulting from Plaintiff's breach is $58,427.33.

21.     In addition, under New York law, "a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right." United States Naval Inst. v. Charter Communications, Inc., 936 F.2d 692, 698 (2d Cir. 1991); see also N.Y. C.P.L.R. §§ 5001-5004. When damages are incurred at various times, interest shall be computed upon each item from the date that it was incurred, or upon all the damages from a single reasonable intermediate date. N.Y. C.P.L.R. § 5001(b).

22.     In New York, interest is calculated at the statutory rate of nine percent (9%) per annum. Id. § 5004.

23.     Under Contract 1402430, Plaintiff's initial breach of contract was March 27, 2017 as he failed to make a payment that month and the months that followed. Therefore, this Court

may compute interest from a mid-point date between March 27, 2017 and the date of this filing. That mid-point date is April 30, 2019.

24.     Similarly, under Contract 1401168, Plaintiff's initial breach of contract was March 17, 2017, as he stopped making payments that month.  The mid-point date between March 17, 2017 and the date of this filing is April 25, 2019.

25.     Accordingly, the statutory pre-judgment interest computed at 9% per annum, or .02466% per day[2] is as follows:

| Contract | Mid-Point Date | Days Between Mid-Point Date and Date of Filing | Amount Owed | Total Interest |
|---|---|---|---|---|
| Contract 1402430 | April 30, 2019 | 769 | $29,200.09 | $57,067.49 |
| Contract 1401168 | April 25, 2019 | 774 | $29,227.24 | $55,782.18 |
| Total | | | | $112,849.67 |

26.     Thus, as of the date of this filing, the pre-judgment interest on Contract 1402430 is $55,087.65 and the pre-judgment interest on Contract 1401168 is $55,493.90.  Taken together with the amount owed under both contracts, the total amount is $168,343.57.

27.     Based on the foregoing, WVR respectfully requests that the Court enter a default judgment in its favor and against Plaintiff Isiam Ray Friar on WVR's breach of contract counterclaim, and award WVR its contractual damages with pre-judgment interest against Plaintiff in the total amount of $168,343.57.

_____

[2] The interest rate of .02466% per day computes to $74.21 per diem under Contract 1402430 and $72.07 per diem under Contract 1401168.

_____
JON T. POWERS

Sworn and subscribed before me this
7 day of June, 2021

_____
Notary Public

```
ELLEN FREITAG
Notary Public, State of New Jersey
My Commission Expires
April 08, 2025
```

8