UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

ISIAM RAY FRIAR,
                      Plaintiff,

          -v-

WYNDHAM VACATION RESORTS,
INC., *et al.*,
                     Defendants.

20-CV-2627 (JPO)

MEMORANDUM
AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Isiam Ray Friar sued Defendants Wyndham Vacation Resorts, Inc. ("Wyndham"), Derrick Taylor, and Maria Maese, asserting state law claims of fraud and recession. Wyndham filed a breach of contract counterclaim against Friar and now moves for a default judgment on the counterclaim. (Dkt. No. 71.) For the reasons that follow, the motion is granted.

**I.    Background**

The Court presumes familiarity with the factual background of this case, as discussed in its Opinion and Order denying Defendants' motions to dismiss the First Amended Complaint. (*See* Dkt. No. 60.) The Court thus discusses only the facts relevant to Wyndham's default judgment motion.

In 2014, Friar purchased a timeshare in a property owned by Wyndham. (Dkt. No. 10 ¶¶ 10, 47.) Pursuant to ClubWyndham® Access Vacation Ownership Plan Purchase and Security Agreement (New York), Contract Number 00251-1401168 ("Contract 1401168"), Plaintiff was awarded 250,000 annual points and was required to make monthly payments of $579.50 for 120 weeks starting on April 17, 2014. (Dkt. No. 10 ¶ 50; Dkt. No. 62 at 11 ¶ 1.) Pursuant to ClubWyndham® Access Vacation Ownership Plan Purchase and Security

1

Agreement (New York), Contract Number 00251-1402430 ("Contract 1402430"), Plaintiff was awarded 750,000 annual points and was required to make monthly payments of $581.39 for 120 weeks starting on May 27, 2014. (Dkt. No. 10 ¶ 50; Dkt. No. 62 at 11 ¶ 2.) Plaintiff executed Contract 1401168 on March 3, 2014, and Contract 1402430 on April 12, 2014. (Dkt. No. 62 at 11 ¶¶ 3–4.) In February 2017, Plaintiff ceased making monthly payments to Wyndham. (Dkt. No. 62 at 11 ¶ 5.) At that time, Plaintiff still owed $29,227.24 on Contract 1401168 and $29,200.09 on Contract 1402430. (Dkt. No. 72 ¶ 7.)

On April 9, 2021, Wyndham filed a counterclaim (Dkt. No. 62) and Friar was served the same day (Dkt. No. 63). On May 24, 2021, Wyndham filed a proposed clerk's certificate of default (Dkt. No. 68), which was issued on May 25, 2021 (Dkt. No. 70) and then served to Friar on June 7, 2021 (Dkt. No. 75). Wyndham then moved for default judgment. (Dkt. No. 71.)

## II.    Discussion

The Court has subject matter jurisdiction over this action because there is complete diversity — Friar is a resident of California and Wyndham is a Delaware corporation based in Florida (Dkt. No. 10 ¶¶ 1–2) — and Friar alleges that Wyndham defrauded him of at least $85,000 by making misrepresentations that he relied upon in entering the two contracts at issue here (Dkt. No. 10 ¶¶ 94–98). Wyndham's breach of contract counterclaim is therefore compulsory because it arises from the same transaction that is the subject matter of Friar's claims and does not require adding another party over whom the Court cannot acquire jurisdiction. *See* Fed. R. Civ. P. 13(a).

A party "against whom a judgment for affirmative relief is sought" is in default when it "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). As a "default is an admission of all well-pleaded allegations against the defaulting party . . . a district court must accept as true all

of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014). Nonetheless, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). "[A] default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability." *Id.* (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). A court may "issue an injunction on a motion for default judgment upon a showing by the moving party that it is entitled to injunctive relief under the applicable statute, and that it meets the prerequisites for the issuance of an injunction." *United States v. Thomas*, No. 18 Civ. 1104, 2019 WL 121678, at *6 (E.D.N.Y. Jan. 7, 2019) (internal quotation marks omitted).

Wyndham requests that the Court enter a default judgment in its favor and against Friar on Wyndham's breach of contract counterclaim, and that the Court reward Wyndham contract damages with pre-judgment interest. The Court concludes that based on the well-pleaded allegations in Wyndham's counterclaim, Friar's liability has been established as a matter of law and that Wyndham is entitled to the relief it seeks.

### III. Conclusion

For the foregoing reasons, Wyndham's motion for default judgment is GRANTED. Wyndham is awarded judgment against Friar as follows:

For Contract 1401168, judgment in the amount of $29,227.24 shall be entered in favor of Wyndham against Friar, in addition to pre-judgment interest calculated at the New York statutory rate of 9% from April 25, 2019, to the date of this order.

For Contract 1402430, judgment in the amount of $29,200.09 shall be entered in favor of Wyndham against Friar, in addition to pre-judgment interest calculated at the New York statutory rate of 9% from April 30, 2019, to the date of this order. (*See* Dkt. No. 72 ¶¶ 22, 25 (citing N.Y. C.P.L.R. § 5004).)

Friar's claims against Defendants are dismissed for failure to prosecute.

The Clerk of Court is directed to enter judgment accordingly.

The Clerk is directed to close the motion at Docket Number 71 and to close this case.

Wyndham is directed to mail a copy of this Order to Friar within seven days.

SO ORDERED.

Dated: March 28, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge